IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-03-389-18 |
| § | CIVIL ACTION NO. 08-2145 |
| JAMES WILSON BRYANT, § | |
| § | |
| Defendant/Movant. § | |

### AMENDED[1] MEMORANDUM AND RECOMMENDATION GRANTING GOVERNMENT'S MOTION TO DISMISS

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant James Wilson Bryant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 1687), and the Government's Motion to Dismiss as Time Barred, and Alternative Motion for Summary Judgment Pursuant to Movant's Plea Agreement Waiver, and Alternatively Response and Motion to Dismiss (Document Nos. 1694-1696). Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's responsive pleading, the record of the proceedings before the District Court in the underlying criminal case, the applicable law, and the Objections that were filed by Bryant to the initial Memorandum and Recommendation that was entered in this case, the Magistrate

---

[1] In his Objections to the Memorandum and Recommendation filed on February 26, 2009, Movant asserted that he had never been served with the Government's responsive pleading. Movant was thereafter provided with a copy of the Government's responsive pleading and given thirty (30) days to file a response to the Government's motions. As of this date, Movant has not filed a response. Therefore, the substantive objections made by Movant to the initial Memorandum and Recommendation will be construed as Movant's response to the Government's arguments for dismissal and/or summary judgment.

Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED, that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice.

**I.     Introduction and Procedural History**

Movant James Wilson Bryant ("Bryant"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Bryant's first motion pursuant to § 2255.

On December 10, 2003, Bryant was charged in a superseding indictment, along with numerous others, with conspiracy to possess with intent to distribute a controlled substance (methamphetamine and marijuana). On February 3, 2004, Bryant pled guilty to the conspiracy charge and, following the preparation of a presentence investigation report, was sentenced on June 17, 2005, to 105 months confinement. A Judgment of Conviction was entered on July 7, 2005. Bryant's conviction was affirmed by the Fifth Circuit on February 14, 2007, after Bryant's counsel filed an *Anders*[2] brief.

On or about July 1, 2008, Bryant filed his § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 1687).[3] The Government, in response, filed a Motion to Dismiss as Time Barred, and Alternative Motion for Summary Judgment Pursuant to Movant's Plea Agreement

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

[3] Bryant's § 2255 Motion is signed and dated July 1, 2008. The envelope in which it was mailed to the Court bears a postmark of July 2, 2008. Given the mailbox rule for prisoners' filings in federal court, *Houston v. Lack*, 487 U.S. 266 (1988), Bryant's § 2255 Motion will be construed has having been filed on July 1, 2008, the date he claims to have signed it.

Waiver, and Alternatively Response and Motion to Dismiss (Document Nos. 1694-1696). Bryant did not file a response to the Government's Motion to Dismiss and Motion for Summary Judgment. On February 26, 2009, a Memorandum and Recommendation was filed granting the Government's Motion to Dismiss as Time-Barred. Bryant filed objections to the Recommendation, arguing initially that he had not been served with the Government's responsive pleading. Based on Bryant's contention that he had not been served with the Government's motions, the District Court referred the case to the undersigned to consider the arguments made by Bryant in his objections. Upon that referral, Bryant was provided with a copy of the Government's responsive pleading, and was given thirty days to file any response thereto.[4] Bryant has not, as of this date, filed a response to the Government's responsive pleading, which includes the Government's Motion to Dismiss and/or Motion for Summary Judgment.

**II.     Claim**

Bryant raises one claim in this § 2255 proceeding: that the District Court incorrectly determined his sentence. According to Bryant, because the District Court intended to take into account at sentencing the time Bryant had spent in state custody on a related charge, and because the District Court was given inaccurate information as to the amount of time he had spent in state custody, his sentence should be corrected. In particular, Bryant maintains that he was in state custody from August 8, 2002, through January 17, 2004, when he was paroled on the state offense, a period of over 17 months – not the fifteen months calculated by the Clerk.

---

[4] Bryant was also, in a separate Order, provided with a copy of his sealed Plea Agreement. *See* Document No. 1706.

The Government, in its responsive pleading, argues that Bryant's § 2255 motion is time-barred, having been filed more than one year after Bryant's conviction became final. In addition and in the alternative, the Government argues that Bryant waived his right to file a § 2255 proceeding, and that, in any event, the claim he raises is not cognizable in a § 2255 proceeding.

**III.     Discussion – Limitations**

28 U.S.C. § 2255(f) specifically provides for a one-year statute of limitations as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Bryant's conviction was affirmed on appeal on February 14, 2007. His conviction became final ninety days thereafter, on May 16, 2007, when he did not file a petition for certiorari with the United States Supreme Court. SUP. CT. R. 13.1 ("a petition for certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment"); *Clay v. United States*, 537 U.S. 522 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court

on direct review, § 2255's one year limitations period starts to run when the time for seeking such review expires."); *United States v. Gamble*, 208 F.3d 539 (5th Cir. 2000) (§ 2255's statute of limitations begins to run when the time for filing a petition for certiorari expires). Bryant then had one year from May 16, 2007, until May 16, 2008, to file a timely § 2255 motion. Bryant's § 2255 motion was not filed until July 1, 2008, over a month late.

As for the alternative commencement dates for the one year limitations period, provided for in § 2255(f)(2), (3), and (4), none is applicable in this case. Bryant's § 2255 motion cannot be considered timely under § 2255(f)(2) because Bryant has not alleged that he was in any way impeded by Government action from filing a timely § 2255 motion. In addition, Bryant's motion cannot be considered timely under § 2255(f)(3) because Bryant has not asserted a claim based on a right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review. Finally, Bryant's § 2255 motion cannot be considered timely under § 2255(f)(4) because Bryant has not shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final. Bryant does claim that his § 2255 motion is timely because he had to first exhaust his administrative remedies with the Bureau of Prisons, which denied his request for the additional credit on his sentence in February 2008. While Bryant did pursue administrative remedies, that pursuit did not in any way extend or toll the limitations period in this case. Bryant's claim, as he has presented it in his § 2255 motion, is that the District Court erred in determining his sentence – not that the Bureau of Prisons mis-calculated his sentence. As such, Bryant could have discovered his claim as of the date the Judgment of Conviction was entered, and the one year limitations period commenced, under § 2255(f)(1), on the date his conviction became final. The fact that Bryant may not have discovered until February 2008 that the

Bureau of Prisons would not or could not reduce his sentence by an additional two months for time he allegedly spent in state custody is of no consequence. Under 2255(f)(4), it is not the date Bryant discovered his claim, but the date he could have discovered his claim. Upon this record, the date he could have discovered his claim was the date the Judgment of Conviction was entered.

In addition, there is no equitable basis in the record for extending the limitations period. Rare and exceptional circumstances may warrant the application of equitable tolling principles to a late-filed habeas corpus applications. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 199), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In addition, ignorance of the law, and "garden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir.), *cert. denied*, 531 U.S.1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002). Here, while it is true that Bryant attempted to gain the two additional months credit on his sentence through a request he made with the Bureau of Prisons, Bryant's request was denied in February 2008, well before the limitations period expired. The timing of that denial vitiates any claim of diligence.

Because Bryant's § 2255 motion was not timely filed and because there are no grounds in the record for equitable tolling, the Government's Motion to Dismiss as Time Barred should be granted.[5] In addition and in the alternative, Bryant's § 2255 motion is subject to dismissal because Bryant

---

[5] Bryant's argument in his Objections to the initial Recommendation that the AEDPA and its one year limitations period is unconstitutional is frivolous. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir. 1999).

knowingly and voluntarily waived his right to challenge his conviction or sentence in a § 2255 proceeding such as this.

**IV.     Discussion – Waiver**

A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Davila,* 258 F.3d 448, 451-52 (6th Cir. 2001). When, however, a defendant alleges that his counsel was ineffective in negotiating a plea agreement, such ineffectiveness claims survive the waiver if "the claimed assistance affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself"). In addition, such waivers do not "preclude review of a sentence that exceeds the statutory maximum." *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). In the context of a plea agreement waiver, a sentence exceeds the statutory maximum only when it exceeds the maximum allowed by statute. *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005); *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir.), *cert. denied,* 546 U.S. 962 (2005).

In this case, the record shows that Bryant, as part of his written Plea Agreement, waived his right to appeal, including the manner in which his sentence was determined, and waived his right to collaterally challenge his conviction and/or sentence. The Plea Agreement provides in this respect:

<u>**WAIVER OF RIGHT OF APPEAL**</u>

> 14. The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the

7

defendant waives the right to appeal the plea, conviction and sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742, except for an upward departure. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

The defendant is also aware that the United States Constitution and the laws of the United States, including Title 28, United States Code, Section 2255, afford the defendant the right to contest or "collaterally attack" his conviction or sentence after his conviction has become final. Knowing that, the defendant knowingly waives his right to contest or "collaterally attack" his plea, conviction and sentence by means of any post-conviction proceeding.

15. In agreeing to this waiver, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not biding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, the defendant knowingly waives his right to appeal in exchange for the concessions made by the United States in this plea agreement.

16. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the Probation Office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office and (d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the <u>Sentencing Guidelines and Policy Statements</u>.

The defendant understands that the guideline range under the Sentence Guideline will be determined by the United States Probation Department and the Court and that their determination is not part of this agreement.

17. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and the defendant; it does not bind any other United States Attorney.

Plea Agreement (Document No. 458) at 8-10. In addition, at his Rearraignment, after making sure that Bryant had personally read the Plea Agreement and had conferred with his attorney about the

8

contents of the Plea Agreement, the Court carefully questioned Bryant about the waiver provisions:

> THE COURT: Okay. Then I won't go over all of these paragraphs because you have told me that you have studied it so carefully.
>
> But going back a few pages, back to Paragraph 14 in each of your agreements, there is a subtitle there, big kind of a headline, says Waiver of Right of Appeal.
>
> And in each of your agreements, it states that the defendant is aware that Title 18, U.S. Code, Section 3742 affords a defendant the right to appeal the sentence imposed, knowing that the defendant waives the right to appeal the plea, conviction and sentence, or the manner in which it was determined under federal law, except for an upward departure.
>
> What that means is that you are giving up your right to appeal to a higher court the sentence unless it's an upward departure. Do you understand?
>
> \* \* \*
>
> DEFENDANT BRYANT: Yes, Your Honor.
>
> \* \* \*
>
> THE COURT: So if I make a mistake, you have to live with it. There won't be an appeal unless there is an upward departure.
>
> \* \* \*
>
> DEFENDANT BRYANT: Yes, Your Honor.
>
> \* \* \*
>
> THE COURT: An then in this next paragraph it states that the defendant is also aware that the constitution and laws of the United States, including 28 U.S.C. Section 2255, affords the defendant the right to contest or collaterally attack his conviction or sentence after his conviction has become final.
>
> Now, this is after one is in prison, and convicted and sentenced, gone off to prison. Sometimes prisoners then – the case is all over and closed, but the prisoner is in prison and then he decides, well, I want to file a petition for writ of habeas corpus. Have you heard of that?
>
> DEFENDANT BRYANT: Yes, Your Honor, I have.

* * *

> THE COURT: Well, it's an attack where a prisoner wants to try to ask to be released from prison by attacking the proceeding that has transpired. Sometimes the prisoner will turn against his lawyer and say, they didn't give me good counsel. One thing ans another.
>
> Well, what this agreement says is that knowing of your right to make a collateral attack upon your conviction or sentence after it's filed, that you knowingly waive your right to contest or collaterally attack the plea, conviction and sentence by any post-conviction proceeding. In other words, you won't be filing another motion to set aside this whole proceeding based on Section 2255 or habeas corpus or collateral attack.

* * *

> THE COURT: Is that your agreement, Mr. Bryant?
>
> DEFENDANT BRYANT: Yes, Your Honor.

Rearraignment Transcript (Document No. 1579) at pp. 26-29. Following additional admonishments, the Court determined that Bryant's guilty plea was knowing and voluntary. *Id.* at 47.

Bryant's plea agreement waiver of his right to collaterally attack his conviction and/or sentence with a § 2255 motion is, upon this record, enforceable. Bryant has not alleged that his Plea Agreement or the waivers contained therein were not knowing and voluntary. In addition, Bryant has not asserted any ineffectiveness claims which have any bearing on the knowing and voluntary nature of his Plea Agreement and the waivers contained therein. The record shows that Bryant affirmed having read the entire Plea Agreement and having discussed its contents with counsel. In addition, Bryant affirmed that the Plea Agreement contained the entirety of his agreement with the Government and acknowledged that any sentence prediction that he had received from his counsel or the Government was a prediction, not a promise. In addition, Bryant's sentence does not exceed the statutory maximum – that is, the maximum sentence allowed by statute. *See United States v.*

*Bond*, 414 F.3d at 542, 545-46 (2005) (construing phrase "statutory maximum" in a plea agreement waiver to mean "'the upper limit of punishment that Congress has legislatively specified for violations of a statute'"). Accordingly, the plea agreement waiver is enforceable and this § 2255 proceeding is subject to dismissal.[6]

### IV.  Conclusion and Recommendation

Based on the foregoing, and the conclusion that Movant James Wilson Bryant's § 2255 Motion to Vacate, Set Aside or Correct Sentence was not timely filed and that Bryant waived his right to challenge his sentence in a § 2255 proceeding such as this, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 1696) be that James Wilson Bryant's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 1687) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time-barred and as barred by Bryant's plea agreement waiver.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694

---

[6] Moreover, the only avenue for challenging the calculation of his sentence would have been with an appeal. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). Bryant, however, not only waived his right to file a § 2255 motion, but also his right to challenge his plea, conviction or *sentence* on appeal. Therefore, as admonished by the District Court at the Rearraignment, even if a mistake or error was made in the calculation of Bryant's sentence, Bryant had, given his plea agreement waivers, no avenue to redress such an error.

F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 1st day of July, 2009.

Frances H. Stacy
United States Magistrate Judge